to purchase land. The order of the Appellate Division contained no provision requiring the plaintiff to specifically perform her part of the contract. Defendant moved to resettle and amend the order of the Appellate Division by incorporating in it provisions requiring the plaintiff also to specifically perform. The motion was granted and judgment *nunc pro tunc* as of December 13, 1922, was entered requiring not only defendant to perform his contract, but also granting to defendant affirmative relief and requiring that plaintiff perform the contract. From that judgment this appeal is taken.

*J. H. Dealy* for appellant.

*Christopher J. Heffernan* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

EMPIRE TRUST COMPANY, as Trustee under the Will of HARRIET F. VAN ZANDT, Deceased, Respondent, *v.* FANNIE F. WELCH et al., Appellants, and PARK MORT-GAGE COMPANY et al., Respondents.

*Real property — title — decedent's estate — action in equity to determine rights and liabilities relative to real property.*

*Empire Trust Co.* v. *Welch*, 206 App. Div. 673, affirmed.

(Argued June 14, 1923; decided July 13, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 12, 1923, unanimously affirming a judgment entered upon the report of a referee in an action brought by Empire Trust Company, acting as successor trustee under the will of Harriet F. Van Zandt, deceased, against appellants, as owners and holders of two bonds and mortgages, originally made to the Park Mortgage Company by Daniel E. Seybel, as trustee for Harriet F. Van Zandt, under authority given to him by a trust agreement made by and between the said Harriet F. Van Zandt and the said Daniel E. Seybel and dated June 16, 1899; and also against the owners

and holders of three other mortgages made by the said Harriet F. Van Zandt, the said Park Mortgage Company, the executors of the said Seybel, the Empire Trust Company acting as successor to said Seybel as trustee under said trust agreement, and James B. Ludlow and Annie Ludlow Winters, co-owners with said Harriet F. Van Zandt of undivided parts of most of the land affected by said trust agreement. The object of the action was to determine rights and liabilities of the respective defendants to certain real property, claimed by the plaintiff, as trustee under the will of Mrs. Van Zandt.

*Almet F. Jenks* and *Eliot Tuckerman* for appellants.

*Charles T. Payne,* and *F. Bayard Rives* for plaintiff, respondent.

*John A. Larkin* for infant defendants, respondents.

*William S. Woodhull* for Empire Trust Company et al., defendants, respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

THOMAS McAULEY, Appellant, *v.* UNITED CIGAR STORES COMPANY OF AMERICA, INC., Respondent.

*Negligence — accumulation of snow and ice in doorway of store — when shopkeeper not chargeable with negligence.*

McAuley v. *United Cigar Stores Co. of America, Inc.,* 204 App. Div. 356, affirmed.

(Argued June 14, 1923; decided July 13, 1923.)

APPEAL from a judgment, entered February 14, 1923, upon an order of the Appellate Division of the Supreme Court in the first judicial department reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint. The action was brought to recover damages for personal injuries sustained by the respondent in having fallen at the entrance to one of appellant's stores as he was leaving the same after making a purchase therein, by reason of an accumulation of snow and ice at such entrance. According to the